UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24784-BLOOM/Louis

RAMONA LEIVA,

    Plaintiff,

v.

INTEGON NATIONAL INS. CO.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant Integon National Insurance Company's ("Defendant") Motion to Dismiss (the "Motion"). ECF No. [4]. The Court has reviewed the Motion, the opposing and supporting briefs, the record and is otherwise fully advised. For the reasons that follow Defendant's Motion is granted.

### I. BACKGROUND

Plaintiff Ramona Leiva ("Plaintiff") initiated this lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2] ("Complaint"). The action was subsequently removed to federal court on the basis of diversity jurisdiction. ECF No. [1]. In the Complaint, Plaintiff alleges a single cause of action of third-party beneficiary breach of contract against the Defendant. *See generally* ECF No. [1-2].

The facts giving rise to the instant action stem from damage sustained to property owned by the Plaintiff located at 3670 SW 139th Place, Miami, Florida 33175 (the "Property"). *See generally* ECF No. [1-2]. In the Complaint, Plaintiff claims that the Defendant issued an insurance policy to the Plaintiff's mortgage, which covered the Property owned by the Plaintiff for hurricane

damage. *Id.* at ¶ 5. Plaintiff has attached the insurance policy as an exhibit to her Complaint. *See* ECF No. [1-2], at Exh. A (the "Policy"). In the Complaint, Plaintiff alleges on September 10, 2017, the Property suffered a covered loss in the form of direct physical damage to the residence as a result of a hurricane. *Id.* at ¶ 6. Plaintiff alleges that she notified the Defendant within a reasonable time after the loss that the damage occurred, and Defendant acknowledged receipt of notice of the loss. *Id.* at ¶¶ 7-8. Plaintiff alleges that she provided the Defendant with a damage estimate for the covered loss in the amount of $84,997.62. *Id.* at ¶ 9. Plaintiff claims that the Defendant acknowledged coverage for the loss, however, rejected the damage estimate. *Id.* at ¶ 10.

Plaintiff alleges that the Mortgagee of the Property has now refused to pursue the insurance claim repair, or otherwise refuses to insist that Defendant repair the Property as provided for by the Policy. *Id.* at ¶ 11. Thus, Plaintiff claims that the Defendant's conduct constitutes a breach of contract. *Id.* at ¶ 12. Plaintiff admits that the Policy is not in her name. *Id.* at ¶ 13. However, Plaintiff alleges that as owner of the Property, she has an insurable interest in the safety or preservation of the home at the time of loss and has "third-party beneficiary standing" to enforce the provisions of the Policy on the Property. *Id.* Therefore, Plaintiff claims as a result of the Defendant's alleged breach she has sustained unpaid damages for a covered loss under the Policy. *Id.* at ¶¶ 15-16.

Defendant has now moved to dismiss the Complaint for failing to a state claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff cannot sue Defendant for breach of contract because she is not an intended third-party beneficiary under the Policy. *See generally* ECF No. [4]. Plaintiff opposes the Defendant's Motion, arguing that she has sufficiently plead a claim for third-party beneficiary breach of contract, but alternatively requests leave to amend Complaint should the Court find otherwise. *See generally* ECF No. [8].

II.     **LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605

F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

### III. DISCUSSION

In its Motion, Defendant argues that the Complaint should be dismissed for failure to state a claim because Plaintiff is not a third-party beneficiary to the Policy that forms the basis of her breach of contract claim. *See generally* ECF No. [4]. Plaintiff concedes that she is not the named insured under the Policy. ECF No. [1-2], at 5. Nevertheless, Plaintiff argues that, as the owner of the property, she has an insurable interest that confers standing to sue for breach of contract as a third-party beneficiary. ECF No. [8], at 2-4.

To state a claim for breach of contract as an intended third-party beneficiary, a plaintiff must allege: "(1) the existence of a contract to which Plaintiff is not a party; (2) an intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefit Plaintiff; (3) breach of that contract; and (4) damages resulting from the breach." *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1364 (S.D. Fla. 2016); *see also Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 195 (Fla. 2006).

"Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005) (citations omitted). If the contracting parties did not have such purpose in mind, any benefit from the contract

reaped by the third party is merely "incidental," and the third party has no legally enforceable right in the subject matter of the contract. *Id.* at 982.

For a contract to intend to benefit a third party, the intent must be specific and clearly expressed in the contract. *See Heller*, 191 F. Supp. 3d at 1365. "It is not enough for a third party to have an 'incidental or consequential benefit.'" *Id.* "Both contracting parties must intend to benefit third parties; it is insufficient if only one party unilaterally intends to benefit some third party." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011).

In its Motion, Defendant contends that because Plaintiff is identified as a Borrower and the Policy does not otherwise allow Plaintiff to recover as a third-party beneficiary, Plaintiff lacks standing. The Policy unambiguously states

> The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. There is no contract of insurance between the BORROWER and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property.

ECF No. [1-2], at 13.

Here, the Court agrees with the Defendant that the Plaintiff has failed to state a claim for breach of a contract as an intended third-party beneficiary of the Policy. Indeed, the Policy's plain language expressly states that the Policy does not intend to primarily and directly benefit the Plaintiff. The above-referenced language clearly and unambiguously provides that the contract of insurance is "intended for the benefit and protection of" the contracting parties and advises that the Policy may be insufficient to protect Plaintiff's interest in the property. After a review of the Policy, it is clear to the Court that there is no contract of insurance between Plaintiff and Defendant, and that the Policy was not intended to benefit another third-party.

Plaintiff argues that "regardless of who procured the Policy, the Plaintiff has standing because Plaintiff has an insurable interest in the Property." ECF No. [8], at 3. To support this position, the Plaintiff primarily relies on *Fawkes v. Balboa Ins. Co.*, 2012 WL 527168, at *3 (M.D. Fla. Feb. 17, 2012), as well as several other Middle District of Florida cases interpreting the same insurer's (Balboa Insurance Co.) policy. *See generally* ECF No. [8], at 4. However, those cases are unavailing because none contain policies with a clear or manifest intent *not* to benefit a certain third party. Further, courts within this District have examined many of these same cases and have found them inapposite because insurance contracts are construed in accordance with the language of the policy. *See e.g. Catatonic Investments Corp. v. Great Am. Assurance Co.*, 2014 WL 11997839, at *3 (S.D. Fla. Nov. 25, 2014) ("The Court finds that the cases cited by Plaintiff are inapposite in this situation, where the Policy contains the clear or manifest intent not to primarily and directly benefit the third party."); *see also Ulloa v. Integon Nat'l Ins. Co.*, 2019 WL 2176941, at *3 (S.D. Fla. Mar. 13, 2019) ("[T]hose cases are unavailing because none of them contain policies with a clear or manifest intent *not* to benefit a third party."). As is the case here, when a policy includes an unambiguous provision that the named insured is the only beneficiary, that forecloses a third-party beneficiary claim.

After a review of the Complaint, the Policy and the relevant authority, the Court agrees with the Defendant that the Plaintiff has failed to state a plausible breach-of-contract claim under a third-party beneficiary theory. The Complaint is, therefore, due to be dismissed.

Plaintiff also argues that to the extent the Court finds dismissal of the Complaint warranted, she should be granted leave to amend. ECF No. [8], at 6. In its Motion, the Defendant admits that the Plaintiff could potentially pursue a breach of contract claim if she can sufficiently allege that she qualifies as a "simple loss payee" pursuant to the Policy's Loss Payment Provision. ECF No.

[4], at 12-13. However, Defendant contends that the Complaint does not contain sufficient allegations stating as such. *Id.* In light of this concession and the Plaintiff's request to amend, the dismissal of the Complaint shall be without prejudice, and the Plaintiff is granted leave to amend.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [4]**, is **GRANTED**.
2. The Complaint, **ECF No. [1-2]**, is **DISMISSED** *without prejudice*.
3. Plaintiff is permitted to file an Amended Complaint **no later than January 13, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 2, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record